UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARNOLD HERSKO, AS ADMINISTRATOR OF §
THE ESTATE OF ROCHEL HERSKO, and §
ARNOLD HERSKO, INDIVIDUALLY, §
§
                         Plaintiff, §   Civil Action No.: 10-cv-00974
§
    -against- §   CERTIFICATE OF MERIT
§
UNITED STATES OF AMERICA, §
§
                        Defendant. §
§

RICHARD FRANK, deposes and says:

I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
       October 14, 2010

                                                    _____
                                                    RICHARD FRANK

Plaintiffs further are entitled to and do hereby seek recovery of all costs and attorneys fees incurred by plaintiffs in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury of all issues as against defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY.

Respectfully submitted,

FRANK & SESKIN
Attorneys for Defendant
110 East 59th Street
New York, NY 10022
Telephone: (212) 355-3900
Facsimile: (212) 355-3936
rf@frankseskin.com

_____
By: Richard Frank
Bar No.: RF6365

Dated: October 14, 2010

1. Decedent's conscious pain and suffering prior to her death in the amount of $5,000,000.00; plus

2. On behalf of each of decedent ROCHEL HERSKO's infant children YOSEF HERSKO, MALKA HERSKO, RIVKA HERSKO and ESTHER HERSKO for the loss of their parent, the amount of $5,000,000.00 each plus interest; plus

3. On behalf of Arnold Hersko for the loss of the care, service, comfort, support and society of his wife, Decedent ROCHEL HERSKO, the amount of $10,000,000.00 plus interest. Plaintiffs further are entitled to and do hereby seek recovery of all costs and attorneys fees incurred by plaintiffs in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper.

<u>Prayer for Relief as Against Defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY</u>

WHEREFORE, the Plaintiffs are entitled to damages from Defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY, and they do hereby pray that judgment be entered in their favor against Defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY as follows:

1. Decedent's conscious pain and suffering prior to her death in the amount of $5,000,000.00; plus

2. On behalf of each of decedent ROCHEL HERSKO's infant children YOSEF HERSKO, MALKA HERSKO, RIVKA HERSKO and ESTHER HERSKO for the loss of their parent, the amount of $5,000,000.00 each plus interest; plus

3. On behalf of Arnold Hersko for the loss of the care, service, comfort, support and society of his wife, Decedent ROCHEL HERSKO, the amount of $10,000,000.00 plus interest.

46. Prior to and at the time of the death of ROCHEL HERSKO, she was married to the plaintiff, ARNOLD HERSKO, and provided for his care, comfort, support, service and society.

47. That as result of the death of Decedent, ROCHEL HERSKO, this Plaintiff ARNOLD HERSKO, has been deprived of her care, service, comfort, support and society.

48. That the acts and events set forth above constitute medical malpractice and negligent wrongful acts and omissions by the defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY and said defendants are liable to plaintiff ARNOLD HERSKO for all damages caused by such acts.

IV.

Damages as Against United States

1. Plaintiffs have suffered the following injuries for which they seek full compensation under the law:

   a. On behalf of the Estate of ROCHELLE HERSKO for decedent's conscious pain and suffering prior to her death;

   b. On behalf of the Estate of ROCHELLE HERSKO for decedent's infant children YOSEF HERSKO, MALKA HERSKO, RIVKA HERSKO and ESTHER HERSKO for the loss of their parent;

   c. On behalf of Arnold Hersko for the loss of the care, service, comfort, support and society of his wife, Decedent ROCHEL HERSKO.

V.

Prayer for Relief as Against United States

WHEREFORE, the Plaintiffs are entitled to damages from the United States, and they do hereby pray that judgment be entered in their favor against the United States government as follows:

11

40. That as a result of the careless, reckless and negligent medical care, advice and treatment given by defendants KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY, individually and as agents, shareholders and/or employees on behalf of NEW SQUARE and each of them as aforesaid, decedent ROCHEL HERSKO, experienced severe pain and suffering leading to her death on October 11, 2007.

41. That the acts and events set forth above constitute medical malpractice and negligent wrongful acts and omissions by the defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY and said defendants are liable to plaintiffs for all damages caused by such acts.

<u>Fourth Claim - on Behalf of Arnold Hersko as Administrator Against Defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY</u>

42. Plaintiffs incorporate by reference herein all allegations set forth above.

43. That as a result of the aforesaid, ROCHEL HERSKO, the Decedent left her surviving her husband, the Plaintiff ARNOLD HERSKO, and her infant children YOSEF HERSKO, MALKA HERSKO, RIVKA HERSKO and ESTHER HERSKO.

44. That the acts and events set forth above constitute medical malpractice and negligent wrongful acts and omissions by the defendants and that as a result of the death of ROCHEL HERSKO, defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY and said defendants are liable to the above-persons for all damages caused by such acts

<u>Fifth Claim - on Behalf of Arnold Hersko, Individually Against Defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY</u>

45. Plaintiffs incorporate by reference herein all allegations set forth above.

34. That plaintiff's counsel has reviewed the facts of this case and has consulted with at least one physician who is licensed to practice in this state or any other state and who he reasonably believes is knowledgeable in the relevant issues involved in this action and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action in accordance with the law of the State of New York.

Second Claim Against United States - Violation of 28 U.S.C. §§1346(b)(1)
Loss of Consortium, Services and Society on behalf of ARNOLD HERSKO, Individually

35. Plaintiffs incorporate by reference herein all allegations set forth above.

36. That on prior to and on October 11, 2007 and at all times herein mentioned, ARNOLD HERSKO was the lawful husband of decedent ROCHEL HERSKO as thus entitled to the consortium, services and society of his wife ROCHEL HERSKO.

37. That as a result of the negligent medical, obstetrical and gynecological care, advice and treatment rendered to decedent ROCHEL HERSKO by REFUAH, its agents and/or employees and KIRSCHNER and each of them as aforesaid, and the wrongful death and conscious pain and suffering suffered by decedent ROCHEL HERSKO, decedent ROCHEL HERSKO is unable to provide the consortium, services and society previously provided to her husband ARNOLD HERSKO and as a result, ARNOLD HERSKO has suffered injury.

Third Claim - Medical Malpractice Against Defendants
NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY

38. Plaintiffs incorporate by reference herein all allegations set forth above.

39. That the medical care, treatment and advice rendered by defendants KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY, individually, and/or in combination with one another, was careless reckless and negligent.

incident of precipitous delivery and in decedent's hemorraghing and death on October 11, 2007 while delivering her fourth child in a toilet at home

29. That as a result of the careless, reckless and negligent medical, obstetrical and gynecological care, advice and treatment, given by REFUAH, its agents and/or employees and KIRSCHNER and each of them as aforesaid, decedent, ROCHEL HERSKO, experienced severe conscious pain and suffering leading to her death on October 11, 2007.

30. That as a result of the careless, reckless and negligent medical, obstetrical and gynecological care, advice and treatment, given by NEW SQUARE, its agents and/or employees and KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY and each of them as aforesaid, decedent, ROCHEL HERSKO, experienced severe conscious pain and suffering leading to her death on October 11, 2007.

III.

First Claim Against United States- Violation of 28 U.S.C. §§1346(b)(1)

31. Plaintiffs incorporate by reference herein all allegations set forth above.

32. That the acts and events set forth above constitute medical malpractice and negligent wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, and therefore, the United States Government is liable for all damages caused by such acts, as provided by 28 U.S.C. §§1346(b)(1).

33. That as a result of the careless, reckless and negligent medical, obstetrical and gynecological care, advice and treatment, given by REFUAH, its agents and/or employees and KIRSCHNER and each of them as aforesaid, decedent, ROCHEL HERSKO, experienced severe conscious pain and suffering leading to her death on October 11, 2007.

25. That the medical care, treatment and advice rendered to decedent ROCHEL HERSKO by REFUAH, its agents and/or employees and KIRSCHNER, and each of them individually, and/or in combination with one another, was careless, reckless and negligent.

26. That the medical care, treatment and advice rendered to decedent ROCHEL HERSKO by NEW SQUARE, its agents and/or employees and KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY, and each of them individually, and/or in combination with one another, was careless, reckless and negligent.

27. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, REFUAH, its agents and/or employees and KIRSCHNER and each of them as aforesaid failed to test, diagnose, treat, advise and warn the decedent, ROCHEL HERSKO, during their care and treatment of her, that she suffered from Noonan's Syndrome, an acute blood clotting defect, and had a known prior obstetrical history of placental abruption and prior precipitous obstetrical deliveries, with massive hemmoraghing, and which resulted in a final pregnancy terminated with a second incident of precipitous delivery and in decedent's hemorraghing and death on October 11, 2007 while delivering her fourth child in a toilet at home

28. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, NEW SQUARE, its agents and/or employees and KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY and each of them as aforesaid failed to test, diagnose, treat, advise and warn the decedent, ROCHEL HERSKO, during their care and treatment of her, that she suffered from Noonan's Syndrome, an acute blood clotting defect, and had a known prior obstetrical history of placental abruption and prior precipitous obstetrical deliveries, with massive hemmoraghing, and which resulted in a final pregnancy terminated with a second

19. That prior to and at all times herein mentioned, defendants KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY were members, agents, employees, shareholders, owners and/or partners in NEW SQUARE.

20. That prior to and at all times herein mentioned, defendant REFUAH entered into a contractual obligation with defendant NEW SQUARE, to provide obstetrical and gynecological care, treatment and services to patients of REFUAH, including plaintiff's decedent ROCHEL HERSKO.

21. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, NEW SQUARE, through its agents and/or employees, provided and rendered medical and obstetrical and gynecological care, treatment and physicians' services to the decedent, for the treatment of medical conditions from which she was then experiencing.

22. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, REFUAH, through its agents and employees, provided and rendered medical and obstetrical and gynecological care, treatment and physicians' services to the decedent, for the treatment of medical conditions from which she was then experiencing.

23. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, KIRSCHNER, individually and/or on behalf of the REFUAH, rendered medical care, treatment and advice to decedent, for the treatment of the medical conditions aforesaid.

24. That prior to and in June, 1997 and prior to decedent ROCHEL HERSKO's death, defendants KERENYI, SCHER, GRAZI, KRAMER and/or LANZKOWSKY, individually and/or on behalf of defendant NEW SQUARE, rendered medical care, treatment and advice to decedent, for the treatment of the medical conditions aforesaid.

II.

Events Forming the Basis of the Claims

13. That prior to, and at all times herein mentioned, DEBRA KIRSCHNER-LANZKOWSKY (hereinafter "KIRSCHNER"), and defendants KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY were physicians and surgeons duly licensed to practice medicine in the State of New York.

14. That prior to, and at all times herein mentioned, KIRSCHNER, was an employee, agent and/or shareholder of REFUAH HEALTH CENTER, INC. (hereinafter "REFUAH").

15. That prior to, and at all times herein mentioned, REFUAH was a grantee of the United States Department of Health and Human Services and REFUAH and its employees and agents as such, are deemed employees of the United States for purposes of medical malpractice coverage, pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §233(g)-(n).

16. That prior to, and at all times herein mentioned, REFUAH, its agents and employees and KIRSCHNER are covered by the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2401(b) 2671-2680 for purposes of medical malpractice claims arising out of services provided in their capacity as deemed federal employees.

17. That KIRSCHNER was an employee of REFUAH from November 17, 2003 through July 17, 2008, and therefore is deemed a federal employee for this period.

18. That prior to and at all times herein mentioned, NEW SQUARE was a limited liability domestic partnership registered and licensed to do business in the State of New York.

in decedent's hemorraghing and death while delivering her fourth child in a toilet at home on October 11, 2007.

8. Pursuant to 28 U.S.C. §1391(e)(3), venue is properly placed in the Eastern District of New York in that plaintiff is a resident of the County of Kings, State of New York.

9. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

10. This suit has been timely filed against the United States on March 4, 2010, in that plaintiff timely served a Notice of Claim on the Department of Health and Human Services on May 8, 2009. On December 11, 2009, The Department of Health and Human Services issued a final determination denying the claim, albeit beyond the 6 month period immediately following filing of the Notice of Claim for it to do so.

11. This medical malpractice lawsuit is timely filed, in that it was commenced within 2 ½ years from the last date of continuous treatment by defendants NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY in Supreme Court, Kings County, Index No.: 3808/09, on February 17, 2009, pursuant to New York State law governing a medical malpractice action and said defendants raise no jurisdictional objection to proceeding as parties to the within proceeding.

12. That plaintiffs' counsel has reviewed the facts of this case and has consulted with at least one physician who is licensed to practice in this State or any other State and who he reasonably believes is knowledgeable in the relevant issues involved in this action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action in accordance with the law of the State of New York.

6. That pursuant to 28 U.S.C. §1367 (a), this Court has supplemental jurisdiction over the claims against defendants NEW SQUARE OB/GYN ASSOCIATES, LLP ("NEW SQUARE"), THOMAS D. KERENYI, M.D. ("KERENYI"), JONATHAN SCHER, M.D. ("SCHER"), VICTOR M. GRAZI, M.D. ("GRAZI"), ANDREW KRAMER, M.D. ("KRAMER") and, JONATHAN LANZKOWSKY, M.D. ("LANZKOWSKY") , since the claims against them are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. That the claims against NEW SQUARE, KERENYI, SCHER, GRAZI, KRAMER and LANZKOWSKY are for money damages as compensation for the personal injuries, conscious pain and suffering and wrongful death of decedent ROCHEL HERSKO, and resultant derivative claims of decedent's infant children Yosef Hersko, Malka Hersko, Rivka Hersko and Esther Hersko, for their respective individual loss of the parental guidance and support of the decedent, and the claim of ARNOLD HERSKO, individually for the loss of decedent's services, society, and comfort and support, all of which were caused by the medical malpractice, negligence and wrongful acts and omissions of said defendants in their repeated and total failure to test, diagnose, treat, advise and warn the decedent, ROCHEL HERSKO, during their care and treatment of her, that she suffered from Noonan's Syndrome, an acute blood clotting defect, and had a known prior obstetrical history of placental abruption and prior precipitous obstetrical deliveries with massive hemmoraghing, and which resulted in a final pregnancy terminating with a second incident of precipitous delivery and

3.  Prior to her death, and at all times herein mentioned, Plaintiff, ARNOLD HERSKO, was the husband of the decedent, ROCHEL HERSKO.

4.  Plaintiff ARNOLD HERSKO resides at 1122 52nd Street, Brooklyn, NY 11204.

5.  The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for the personal injuries, conscious pain and suffering and wrongful death of decedent ROCHEL HERSKO, and resultant derivative claims of decedent's infant children Yosef Hersko, Malka Hersko, Rivka Hersko, and Esther Hersko, for their respective individual loss of the parental guidance and support of the decedent, and the claim of ARNOLD HERSKO, individually for the loss of decedent's services, society, and comfort and support, all of which were caused by the medical malpractice, negligence and wrongful acts and omissions of employees of the United States government in their repeated and total failure to test, diagnose, treat, advise and warn the decedent, ROCHEL HERSKO, during their care and treatment of her, that she suffered from Noonan's Syndrome, an acute blood clotting defect, and had a known prior obstetrical history of placental abruption and prior precipitous obstetrical deliveries, with massive hemmoraghing, and which resulted in a final pregnancy resulting in a second incident of precipitous delivery and in decedent's hemorraghing and death on October 11, 2007, while delivering her fourth child in a toilet at home. All of the aforesaid acts of medical malpractice and negligence were committed by said employees while acting within the scope of their office and employment and under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the laws of the State of New York.

2

Frank & Seskin
Richard Frank, Esq., (RF6365)
Attorneys for Plaintiff
110 East 59th Street
New York, NY 10022
(212) 355-3900
rf@frankseskin.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNOLD HERSKO, AS ADMINISTRATOR OF THE ESTATE OF ROCHEL HERSKO, and ARNOLD HERSKO, INDIVIDUALLY,<br><br>                      Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Civil Action No.:   10-CV-0974<br>(Glasser, J.)<br>(Levy, M.J.) |

AMENDED COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT

      Plaintiff, Arnold Hersko as Administrator of the Estate of Rochel Hersko and Arnold Hersko, Individually, by and through his attorneys, FRANK and SESKIN, now comes before this Court and complains of the United States of America, as follows:

I.

Jurisdiction, Venue and Conditions Precedent

1.     On or about the 25th day of April, 2008, Plaintiff, ARNOLD HERSKO, was appointed the Administrator of the Estate of ROCHEL HERSKO, deceased, by the Surrogate's Court, State of New York.

2.     ROCHEL HERSKO, the decedent herein, died on October 11, 2007.